WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Consuelo Hurtado,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-24-00342-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Commissioner of the Social Security Administration's ("Defendant," or "Commissioner") Motion to Dismiss (Doc. 12), Plaintiff Consuelo Hurtado's ("Plaintiff") "Motion to Dismiss Current Motion to Dismiss from Defendant" (Doc. 13), and Defendant's Reply (Doc. 14). The Court now rules.

## I.　MOTION TO DISMISS

Defendant argues that because Plaintiff's complaint was untimely under the provisions of the Social Security Act, it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 12 at 2). Plaintiff counters that Defendant has no merit to move for dismissal because Plaintiff timely filed her complaint. (Doc. 13 at 1).

### A. Legal Standard

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." Further, the complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). Through its factual content, the complaint must permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In its review of a complaint for failure to state a claim, a court "must accept all well-pleaded facts as true." *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, "[c]onclusory allegations and unreasonable inferences … are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court may also consider documents not physically attached to the pleading, provided that their "contents are alleged in a complaint" and no party questions their authenticity. *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

When "the running of the statute is apparent on the face of [a] complaint," a court may dismiss the complaint under Rule 12(b)(6) as barred by a statute of limitations. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). However, dismissal is appropriate only when a complaint's assertions, "read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). The equitable tolling doctrine "is not generally amenable to resolution by a 12(b)(6) motion," because its applicability "often depends on matters outside the pleadings." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citation and quotation omitted).

**B. Timeliness**

An individual wishing to obtain a review of any final decision of the Commissioner must commence a civil action "within sixty days after the mailing to [her] of notice of such decision or *within such further time as the Commissioner of Social Security may allow*." 42 U.S.C. § 405(g) (emphasis added). This statute of limitations "must be strictly

construed" because it "is a condition on the waiver of sovereign immunity." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Hence, in general, a court must dismiss a claimant's untimely complaint because it falls outside Congress's express consent to suit. *See Kaiser v. Blue Cross*, 347 F.3d 1107, 1117 (9th Cir. 2003); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("the terms of [Congress's] consent to be sued in any court define that court's jurisdiction to entertain the suit").

There are circumstances, however, by which a court may allow an untimely complaint to proceed. First, under Social Security Administration ("SSA") regulations, the statute of limitations starts on the date a claimant receives notice of the Commissioner's decision. 20 C.F.R. § 422.210(c). "[U]nless there is a reasonable showing to the contrary," the presumed date of receipt of notice is "5 days after the date" on the notice. *Id.* As such, courts have permitted filing past the final date of the statute of limitations when claimants can show that another party's actions prevented the notice from arriving within five days' time. A claimant, for example, may show that the SSA delayed more than five days before mailing the notice. *See, e.g., Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d. Cir. 1984). However, unsupported allegations of "non-receipt within five days" are insufficient to rebut the presumption. *McLaughlin v. Astrue*, 443 F.App'x 571, 574 (1st Cir. 2011) (per curiam).

Second, equitable estoppel and equitable tolling may halt the running of the statute of limitations. *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (equitable estoppel); *Bowen*, 476 U.S. at 480 (equitable tolling). Equitable estoppel "focuses on the actions of the defendant," whereas equitable tolling "focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc) (internal citations and quotations omitted). Equitable estoppel applies only when the party to be estopped committed "affirmative misconduct." *Id.* Equitable tolling requires that a plaintiff show "(1) that [s]he has been pursuing [her] right diligently, and (2) that some extraordinary circumstance stood in [her] way." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005)). Extraordinary circumstances generally occur when a plaintiff was deceived into letting a deadline pass—either by a defendant's affirmative misconduct or a court's provision of misleading information. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

Here, after mistakenly mailing her complaint to the wrong address (Doc. 12-1 at 31), Plaintiff requested an extension of time to file a civil action on November 7, 2023. (Doc. 12-1 at 27). In a letter dated January 12, 2024, Defendant notified Plaintiff of its decision to grant her an additional 30 days to file a civil action, stating, "[w] assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Doc. 13 at 5–6). Thus, the Court presumes Plaintiff received the notice on January 17, 2024, at the latest. Plaintiff sent her complaint to the Arizona District Court via certified mail on February 16, 2024. (Doc. 13 at 1, 3). The Clerk of Court filed Plaintiff's complaint and stamped it with the date of February 20, 2024, four days after the end date of the 30-day limitations period. (Doc. 1). In effect, without rebuttal of the presumption or proof of entitlement to equitable relief, the statute of limitations bars Plaintiff's complaint.

Plaintiff asserts that her complaint was timely because it was mailed on February 16, 2024, "which was legally the last day of submission." (Doc. 13 at 1). Further, Plaintiff states, "Documentations are not to go by date of receiving them but by date of submitting them." (*Id.*) However, this Court and other courts in this circuit have rejected this argument. *Squalls v. Brennan*, No. CV-19-05540-PHX-SPL, 2020 WL 4260526, *2 (D. Ariz. July 24, 2020) ("The complaint is …considered to be filed as of … the date stamped on the complaint as received (as opposed to when it may have been docketed), and *not* the mailing date.") (emphasis in original); *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) ("When papers are mailed to the clerks office, filing is complete when the papers are *received* by the clerk.") (emphasis added); *see also In re Godfrey*, 102 B.R 769, 771 (9th Cir. 1989) ("In a case where it is disputed exactly when the petition was placed in the possession of the clerk the file stamp gives rise to the presumption that the petition was

filed when it was date and time stamped by the clerk.") Therefore, the Court finds Plaintiff's argument to be unavailing. *Squalls*, 2020 WL 4260526, at *2 (finding the same when a *pro se* plaintiff mailed her complaint on the final day of the statute of limitations because she believed the mailing date equated to the filing date); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) ("Excusable neglect is a flexible, equitable concept, [however,] inadvertence, ignorance of the rules, or mistakes construing the rules do not constitute excusable neglect.").

Moreover, regarding entitlement to estoppel or tolling, Plaintiff has neither provided evidence of misconduct on the part of Defendant, nor evidence that any "extraordinary circumstances" occurred. (*See generally* Doc. 13). Plaintiff had notice of the course of action required to preserve her rights. Indeed, the letter that Defendant sent to Plaintiff granting her request for an extension of time notified her of the 30-day time limit, instructed her how to file a civil action, listed pertinent statutory authority, and provided her with a phone number, website, and mailing address she could contact if she had any questions or required further assistance. (Doc. 12-1 at 31–32).[1] Thus, rather than acting affirmatively to deceive Plaintiff, Defendant acted affirmatively to ensure that Plaintiff was aware of her rights and of the 30-day time limit in which she had to exercise them.

Therefore, there is no factual basis to support Plaintiff's entitlement to equitable relief. Furthermore, the running of the statute of limitations is clear from the face of the complaint. Hence, the Court must dismiss the complaint as untimely. *See Squalls*, 2020 WL 4260526, at *3 (quoting *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)) ("[M]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements.").

## II.    PLAINTIFF's MOTION TO DISMISS

In the Court's view, Plaintiff's "Motion to Dismiss Current Motion to Dismiss from Defendant" (Doc. 13) serves as a Response Brief to Defendant's Motion to Dismiss (Doc.

---

[1] Claimant physically attached the January 12 letter to her complaint (Doc. 1 at 5–6). Because neither party questions its authenticity, the Court can consider it in ruling on this motion.

- 5 -

12).

### III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is DISMISSED WITH PREJUDICE as untimely.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Dismiss Current Motion to Dismiss from Defendant" (Doc. 13) is DENIED as unnecessary.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 12th day of December, 2024.

James A. Teilborg
Senior United States District Judge